No. 05-093

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 65N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

SAMUEL BENTON,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                   In and For the County of Cascade, Cause No. BDC 2004-027,
                   Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Carl B. Jensen Jr., Deputy Public Defender, Great Falls, Montana

        For Respondent:

                Hon. Mike McGrath, Montana Attorney General, Micheal S. Wellenstein,
                Assistant Attorney General, Helena, Montana

                Brant S. Light, Cascade County Attorney, Joel Thompson,
                Deputy County Attorney, Great Falls, Montana

                           Submitted on Briefs:  December 29, 2005

                                   Decided:  April 4, 2006

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Samuel Benton (Benton) was charged with and convicted of three counts of Felony Criminal Distribution of Dangerous Drugs. He was sentenced to twenty years with ten years suspended. He appeals his conviction and sentence. We affirm.

¶3      The dispositive issue on appeal is whether the District Court abused its discretion when, as a sanction for failure to timely disclose a witness, it precluded Benton from calling the witness at trial.

¶4      Connie Riggs (Riggs) worked as a confidential informant making undercover drug buys for the Great Falls Police Department (GFPD). On three different occasions between March 28, 2003 and April 18, 2003, Riggs purchased drugs from Benton under the direction and control of the GFPD. Riggs had learned of Benton's drug dealing from her brother, Ryan McVey.

¶5      After Benton's arrest, and on the day of his arraignment which occurred in February of 2004, the District Court ordered Benton comply with § 46-15-323, MCA, which required, among other things, that Benton provide the names of the witnesses he intended to call during trial. On August 16, 2004, the day before Benton's trial, Benton's counsel

2

interviewed prosecution witness Riggs for the first time. During that interview, Riggs mentioned her brother, Ryan McVey. Benton notified the State that he wished to add McVey's name to the defense witness list for the trial. Benton also tried to contact McVey on that day but could not reach him.

¶6     At the opening of the trial, the District Court held a hearing on various motions and Benton's notice to include McVey as a witness. The State objected to adding McVey as an eleventh-hour witness. The court initially indicated that if the defense team located McVey, they should make him available to the State's attorney for an interview prior to his testimony. On the second day of trial, however, with McVey present, the State renewed its objection, arguing that defense counsel could have learned about McVey had he interviewed Riggs during the eight months that the trial was pending, rather than on the day before trial. The State also pointed out that McVey's name, "Ryan", was mentioned in the transcripts of the tape-recorded drug buys which Benton's counsel had received in July. The State maintained that Benton had not shown good cause to add McVey the day before his trial, and argued it would be prejudiced if McVey were allowed to testify. The District Court found that the State had not obstructed Benton's access to Riggs and that the failure to name McVey as a witness in a timely manner was the result of Benton's decision to interview Riggs on the day before the trial instead of weeks or months earlier. The court, therefore, ordered that McVey would not be allowed to testify.

¶7     Sections 46-15-322 and -323, MCA, require prosecutors and defense counsel to provide reciprocal discovery in criminal cases in order to avoid unnecessary delay and

3

surprises at trial. Moreover, § 46-15-329(4), MCA, unequivocally allows a district court to preclude a witness from testifying if the court determines that a party has failed to comply with the evidentiary provisions set forth in the criminal procedure statutes. We conclude the District Court did not abuse its discretion in precluding McVey from testifying.

¶8      We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶9      We affirm the judgment of the District Court.


                                                    /S/ PATRICIA COTTER


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE

4